UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER LYNN MAGNUSON,

Plaintiff,

v.

VIRGIN RED LIMITED; *et al.*,

Defendants

Civil Action No.: 1:24-cv-04659-NRB

**PLAINTIFF'S COUNTERSTATEMENT TO DEFENDANT'S RULE 56.1 STATEMENT OF UNDISPUTED FACT**

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Rule 56.1 of the Local Civil Rules of the Southern District of New York, Plaintiff, Jennifer Lynn Magnuson ("Magnuson") respectfully submits this Counterstatement responding to Defendant Virgin Red Limited's ("Virgin") Statement of Undisputed Fact:

1. Defendant, located in the UK, is a private limited company registered in England and Wales which is part of the group of companies known as the Virgin Group. *See* Declaration of William Budd ("Budd Decl.") ¶ 3.

**Response to Paragraph 1:** Not disputed that Virgin is a UK limited company. Magnuson is without information sufficient to admit or deny the remainder of this statement.

2. The Virgin Group was founded in 1970 by Sir Richard Branson. Budd Decl. ¶ 4.

**Response to Paragraph 2:** Plaintiff is without information sufficient to admit or deny this statement.

3. Sir Richard Branson has an online personal blog which is posted on the website www.virgin.com (the "Blog"). Budd Decl. ¶ 6.

**Response to Paragraph 3:** Disputed to the extent that this statement implies that www.virgin.com is not a commercial website owned and operated by Virgin. Declaration of Scott Alan Burroughs ("Burroughs Decl.") ¶ 6, **Exs. 6, 7, 11**; Dkt. No. 13, ¶¶ 16, 20. Virgin may host the Blog but that is of no import.

4. Defendant currently operates the website www.virgin.com. Budd Decl. ¶ 7.

**Response to Paragraph 4:** Not disputed.

5. Since at least 2014, Defendant or an affiliate company of the Virgin Group has operated the website at www.virgin.com. Budd Decl. ¶ 8.

**Response to Paragraph 5:** Disputed to the extent that Defendant did not exist in 2014. See Burroughs Decl. ¶7, Ex. 12. And the asserted fact is "vague" as to "affiliate company" and the fact is disputed on that basis.

6. On April 3, 2014, Sir Richard Branson and his mother Eve Branson attended a book-signing event hosted by the International Centre for Missing and Exploited Children ("ICMEC") in Washington D.C. (the "Event"). *See* Declaration of Christine Choi ("Choi Decl.") ¶ 4.

**Response to Paragraph 6:** Not disputed.

7. ICMEC hired Plaintiff Jennifer Lynn Magnuson ("Plaintiff") to professionally photograph the Event. *See* Declaration of Aaron Thompson ("Thompson Decl.") ¶ 4.

**Response to Paragraph 7:** Disputed to the extent that this statement implies that Magnuson was employed at any time by the ICMEC. Magnuson is an independent photographer who the ICMC contracted to attend the Event and photograph its attendants under an agreement that expressly confirmed that Magnuson retained sole ownership of all such photographs and the copyrights therein and further confirmed that Magnuson was "an independent contractor with respect to ICMEC, and not an employee of ICMEC." Declaration of Jennifer Lynn Magnuson ("Magnuson Decl."), ¶¶ 2-3, **Ex. 2.**

8. As part of Plaintiff's engagement to photograph the Event, Plaintiff entered into a contract with ICMEC, the parties to which were Plaintiff and ICMEC. Thompson Decl. ¶ 4.

**Response to Paragraph 8:** Not disputed.

9. During the Event, Plaintiff captured a candid photograph of Sir Richard Branson hugging his mother Eve Branson (the "Subject Photograph"). Choi Decl. ¶ 7; *see* Declaration of Holly Peppe ("Peppe Decl.") ¶ 7.

3

**Response to Paragraph 9:** Not disputed that Magnuson captured the Subject Photograph. Disputed to the extent to the extent that this statement classifies the Subject Photograph vaguely as "candid" and otherwise implies that Magnuson did not employ intention and artistic and expressive skill in creating the Subject Photograph as a professional photographer. See Magnuson Decl. ¶ 5, **Ex. 1**.

10. After the Event, Christine Choi, Senior Vice President of Corporation Communications for Virgin Management USA, Inc., contacted Holly Peppe ("Peppe"), a friend of Eve Branson who was also present at the Event, asking Peppe to obtain photos of the Event from Plaintiff for use on Sir Richard Branson's blog. Peppe Decl. ¶ 5; Choi Decl. ¶ 5; *see* Declaration of Russell Adam Berman ("Berman Decl.") ¶ 6.

**Response to Paragraph 10:** Disputed as to whether Peppe was acting in the scope of her Virgin employment and there is no evidence that Magnuson knew of her affiliation with Virgin. Plaintiff is without sufficient knowledge to admit or deny this statement, and Virgin has presented no evidence of this communication.

11. Peppe contacted Plaintiff on April 4, 2014 seeking Plaintiff's photos from the Event for use on Sir Richard Branson's Blog. Peppe Decl. ¶ 6; Choi Decl. ¶ 6; Berman Decl. ¶ 6.

**Response to Paragraph 11:** Not disputed that Peppe contacted Magnuson to request permission for Branson to use the Subject Photograph for a single blog post in 2014. Disputed to the extent that this statement indicates that Peppe and Magnuson discussed any involvement by Virgin in the use of the Subject Photograph in 2014. Magnuson Decl. ¶ 14, Declaration of Scott Alan Burroughs ("Burroughs Decl.") ¶ 3, **Ex. 4**.

12. After contacting Plaintiff, Peppe sent an email to Choi advising her that Plaintiff was working on the photos and asked that a credit line be added if possible when the photos were added to Sir Richard Branson's Blog. Peppe Decl. ¶ 6; Choi Decl. ¶ 6; Berman Decl. ¶ 6.

**Response to Paragraph 12:** Not disputed that Peppe made Choi and Virgin aware that Magnuson sought specific accreditation with use of her photography. Disputed to the extent that this statement implies that Magnuson did not require accreditation for any use of the Subject Photograph. Magnuson Decl. ¶ 8. Further disputed to the extent this statement implies that Peppe and Magnuson discussed any involvement by Virgin in the use of the Subject Photograph in 2014. Magnuson Decl. ¶ 14, Burroughs Decl. ¶ 3, **Ex. 4**.

13. Later on April 4, 2014, Plaintiff sent Peppe Plaintiff's photographs from the Event via email, including the Subject Photograph. Peppe Decl. ¶ 7; Choi Decl. ¶¶ 6–7; Berman Decl. ¶ 6.

**Response to Paragraph 13:** Not disputed.

14. Plaintiff never required Peppe, Sir Richard Branson, or any representative of Virgin to sign a contract for use of Plaintiff's photos, and other than requesting "a credit line, if possible," at no time did Plaintiff ever convey any limitations or restrictions on use of the Subject Photograph such as who could use the photos, how often the photos could be posted on the website, or how long the photos could be displayed. Peppe Decl. ¶¶ 6–7 9; Choi Decl. ¶¶ 6, 8; Berman Decl. ¶ 6.

**Response to Paragraph 14:** Disputed. Magnuson granted a non-exclusive license to Branson to display the Subject Photograph in a single blog post on Branson's website discussing the event ("2014 Blog Post") and required that Magnuson be credited as the owner of the photograph. Magnuson Decl. ¶ 8; **Exs. 4, 5**; Dkt. No. 13, ¶ 59.

5

15. After Peppe received the Subject Photograph from Plaintiff, Peppe forwarded the Subject Photograph to Choi. Peppe Decl. ¶ 8; Choi Decl. ¶¶ 6–7.

**Response to Paragraph 15:** Magnuson is without sufficient knowledge to admit or deny this statement.

16. In 2014, the Subject Photograph was used in a post on the Blog discussing the Event (the "2014 Blog Post"). Budd Decl. ¶ 9.

**Response to Paragraph 16:** Disputed to the extent that this statement implies that any use of the Subject Photograph by Branson, Virgin, or its affiliates took place in 2014 beyond Branson's use in the single post that Magnuson provided him a limited license for. Magnuson Decl. ¶ 9; **Exs. 4, 5**; Dkt. No. 13, ¶ 59.

17. Plaintiff did not object to or complain about the 2014 Blog Post to Sir Richard Branson or any Virgin representative. Choi Decl. ¶ 9.

**Response to Paragraph 17:** Not disputed that Magnuson did not object to the single use of the Subject Photograph by Branson for which she provided a limited license and the required accreditation was provided. **Ex. 4**.

18. Neither Sir Richard Branson nor any Virgin entity directly derived any compensation from the 2014 Blog Post. Budd Decl. ¶ 10; Choi Decl. ¶ 10.

**Response to Paragraph 18:** Disputed. Virgin is a massive commercial enterprise seeking to profit from the revenues generated by its commercial website and Instagram, and both the blog page is linked to Virgin's for-profit website and are used to promote and market its business. Burroughs Decl. ¶¶ 3, 6, **Exs. 4, 11.**

19. On January 10, 2021, the Subject Photograph was used again, alongside 17 other photographs of Sir Richard Branson, Eve Branson, and others, in a post on the Blog commemorating Eve Branson's death (the "2021 Blog Post"). Budd Decl. ¶ 11.

**Response to Paragraph 19:** Not disputed that Virgin used the Subject Photograph on its commercial website seven years after the 2014 Blog Post.

20. Neither Sir Richard Branson nor any Virgin entity directly derived any compensation from the 2021 Blog Post. Budd Decl. ¶ 12.

**Response to Paragraph 20:** Disputed. Virgin is similarly a massive commercial enterprise seeking to profit from the revenues generated by its commercial website and Instagram, and both the blog page and Virgin's commercial Instagram where the Infringing Uses appeared are linked to Virgin's for-profit website and are used to promote and market its business. Burroughs Decl. ¶ 6, **Exs. 6-7**, 11.

21. At some point after Plaintiff sent the Subject Photograph to Peppe, Plaintiff advertised Sir Richard Branson as Plaintiff's client on Plaintiff's photography website. Thompson Decl. ¶ 3.

**Response to Paragraph 21:** Disputed to the extent that this statement claims that Magnuson used Branson's name in advertising. Magnuson accurately mentioned Branson among her prior clients on the "About Me" page of her personal website. Magnuson Decl. ¶ 13; **Ex. 9**

### Additional Statements of Fact

22. Magnuson is an independent professional photographer. Magnuson Decl. ¶ 2.

23. The International Centre for Missing and Exploited Children ("ICMEC") contracted her for an event (the "Event") to take photographs of attendees. Magnuson Decl. ¶ 3.

24. Magnuson created photographs depicting among other things the Event's attendees pursuant to an agreement with ICMEC that allowed ICMEC to use certain photographs for one year in printed brochures and on the ICMEC's website and clearly stated that Magnuson was the sole owner of the photographs. Magnuson Decl. ¶ 4, **Ex. 2**.

25. At the Event, Magnuson captured this original photograph of Richard Branson and his mother at issue ("Subject Photograph"), exercising creative and artistic expression and experience to do so. Magnuson Decl. ¶ 5, **Ex. 1**.

26. Magnuson is the sole and exclusive owner of the copyright in and to the Subject Photograph, and registered same with the U.S. Copyright Office and holds a registration certification confirming same. Magnuson Decl. ¶ 6, **Ex. 3**; Dkt. No. 13, ¶ 14.

27. Following the Event, Holly Peppe, a representative for Branson contacted Magnuson, to request a license for Branson to use the Subject Photograph in a single blog post in 2014. Magnuson Decl. ¶ 7; **Exs. 4, 5**; Dkt. No. 13, ¶ 59.

28. Peppe is not and was not at the time an employee or representative of Virgin. Magnuson Decl. ¶ 14; See https://www.linkedin.com/in/holly-peppe/.

29. Magnuson in return granted a non-exclusive license to Branson to display the Subject Photograph in a single blog post on Branson's website discussing the event ("2014 Blog Post") and required that Magnuson be credited as the owner of the photograph. Magnuson Decl. ¶ 8; **Exs. 4, 5**; Dkt. No. 13, ¶ 59.

30. The non-exclusive license did not authorize any use of the Subject Photograph outside of the 2014 Blog Post, and Magnuson did not grant any rights to Branson or anyone to sublicense or otherwise distribute or authorize further use of the Subject Photograph. Magnuson Decl. ¶ 9; **Ex. 4.**

31. Magnuson provided the Subject Photograph to Peppe via email, who then apparently provided the same to Virgin in a separate email without Magnuson's participation or knowledge. Magnuson Decl. ¶ 10; **Ex. 4**

32. Correspondence with Peppe confirms that the photograph was to be used only on "Richard's Blog" and on the condition that Magnuson be credited as the Subject Photograph's author. **Ex. 4**.

33. At no time prior to the dispute at issue in this lawsuit did I have any direct contact with Defendant Virgin regarding the Subject Photograph, and have never granted Defendant any license, either written or oral, relating to any use of the Subject Photograph. Magnuson Decl. ¶ 11.

34. While Branson received a limited license for his 2014 Blog Post, Virgin never received any license, either oral or written, relating to any use of the Subject Photograph. Magnuson Decl. ¶ 11.

35. Seven years after the Event, and Branson's 2014 blog post, Virgin publicly displayed the Subject Photograph in new posts on its commercial website and Instagram account without credit to Magnuson or her permission or authorization ("Infringing Uses"). Magnuson Decl. ¶ 12; **Exs. 6, 7**; Dkt. No. 13, ¶¶ 16, 20.

36. The webpage and Instagram account on which Virgin published the Infringing Uses are both owned and operated by Virgin in connection with its business and commercial website. **Burroughs Decl. ¶ 6, Ex. 11.**

37. Virgin did not include Magnuson's credit line in the Infringing Uses and instead included a credit line falsely attributing the photograph to "*virgin.com*." **Exs 6, 7.**

38. In 2022, Magnuson sent a cease-and-desist letter to Virgin, demanding that its infringing use of her photograph cease and seeking to find a resolution to this dispute. Burroughs Decl. ¶ 4, **Ex. 8**; Dkt. No. 13, ¶ 19.

39. Virgin continued to exploit the Subject Photograph until at least July 17, 2024. Magnuson Decl. ¶ 12, **Ex. 7.**

40. As an independent, professional photographer, Magnuson regularly sells and licenses her photography and relies on the revenues for such lawful sales and licenses for her livelihood. As such, the exploitation of her work without her consent or compensation damages the market for her work. Magnuson Decl. ¶ 15; See

https://www.facebook.com/JenMagnusonPhotography/; see also

https://www.linkedin.com/in/jenmagnuson/.

41. Virgin Red Limited did not exist in 2014 when Magnuson created the Subject Photograph, provided a limited license to Branson, and provided the Subject Photograph to Peppe, as it was not incorporated until four years later in 2018. Burroughs Decl. ¶ 7, **Ex. 12**.

Respectfully submitted,

Dated: April 25, 2025           By:    */s/ David M.S. Jenkins*
                                       Scott Alan Burroughs, Esq.
                                       David M.S. Jenkins, Esq.
                                       scott@donigerlawfirm.com
                                       djenkins@donigerlawfirm.com
                                       DONIGER / BURROUGHS
                                       247 Water Street, First Floor
                                       New York, New York 10038
                                       Telephone: (310) 590-1820
                                       *Attorneys for Plaintiff*