UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER LYNN MAGNUSON, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>VIRGIN RED LIMITED d/b/a *www.virgin.com*, a UK company; and DOES 1-10,<br><br>    Defendants. | Civil Action No. 1:24-cv-4659 |

**DEFENDANT VIRGIN RED LIMITED'S COUNTERSTATEMENT
TO PLAINTIFF'S RULE 56.1 STATEMENT IN SUPPORT OF HER
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Virgin Red Limited ("Defendant"), by and through its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") and Local Civil Rule 56.1(b) of the United States District Court for the Southern District of New York, respectfully submits the following Counterstatement to Plaintiff's Rule 56.1 Statement in support of her Motion for Summary Judgment:

1. Magnuson is an independent professional photographer.

<u>RESPONSE</u>: Admitted.

2. She attended as a professional photographer an event (the "Event") hosted by the International Centre for Missing and Exploited Children ("ICMEC") on or about April 3, 2014.

<u>RESPONSE</u>: Admitted.

3. Magnuson created photographs depicting among other things the Event's attendees pursuant to an agreement with ICMEC that allowed ICMEC to use certain photographs for one year in printed brochures and on the ICMEC's website and clearly stated that Magnuson was the sole owner of the photographs.

RESPONSE: Defendant admits that Magnuson produced a contract with ICMEC that stated that ICMEC was allowed to use certain photographs for one year in printed brochures and on the ICMEC's website and that Magnuson was the owner of the photographs, but Defendant lacks sufficient knowledge regarding the photos that Magnuson created and therefore denies any remaining allegations in this statement.

4. At the Event, Magnuson captured this original photograph of Richard Branson and his mother.

RESPONSE: Admitted to the extent "this original photograph" refers to the photograph shown in Exhibit 1 of Magnuson's Declaration.

5. Magnuson is the sole and exclusive owner of the copyright in and to the Subject Photograph, and registered same with the U.S. Copyright Office and holds a registration certification confirming same.

RESPONSE: Admitted to the extent "Subject Photograph" refers to the photograph shown in Exhibit 1 of Magnuson's Declaration. Defendant adopts this definition of "Subject Photograph" hereafter.

6. Following the Event, a representative for Richard Branson ("Branson") contacted Magnuson through an intermediary to request a license to use the Subject Photograph in a single blog post in 2014.

RESPONSE: Defendant admits that Ms. Holly Peppe reached out to Magnuson to obtain the Subject Photograph for use on Sir Richard Branson's online blogs, but denies that the terms of the license were limited to a single blog post. *See* Declaration of Holly Peppe ("Peppe Decl.") ¶¶ 5–6 and Exhibit 2 to Peppe Decl.

7. Magnuson in return granted a non-exclusive license to Branson to display the Subject Photograph in a single blog post on Branson's website discussing the event ("2014 Blog Post") and required that Magnuson be credited as the owner of the photograph.

RESPONSE: Defendant admits that Magnuson granted a license for the Subject Photograph to be used on Sir Richard Branson's online blogs, but denies that the license was for a single blog post and that Magnuson required to be credited as the owner of the Subject Photograph. *See* Peppe Decl. ¶¶ 5–7 and Exhibits 1 and 2 to Peppe Decl. Magnuson asked Holly Peppe via phone to "add a credit line if possible" and did not require that she be credited. The email correspondence from Magnuson to Peppe transmitting Subject Photograph included no limitation on the number of times the Subject Photograph could be used and includes no requirement that Magnuson be credited.

8. The non-exclusive license did not authorize any use of the Subject Photograph outside of the 2014 Blog Post, and Magnuson did not grant any rights to Branson or anyone to sublicense or otherwise distribute or authorize further use of the Subject Photograph.

RESPONSE: Denied. *See* Peppe Decl. ¶ 7 and Exhibit 2 to Peppe Decl. It is undisputed that Magnuson authorized use of the Subject Photograph on Sir Richard Branson's online blogs, which at the time the license was granted was located on the virgin.com website and Instagram, and the email correspondence from Magnuson to Peppe transmitting Subject Photograph

included no limitation on the number of times the Subject Photograph could be used and includes no requirement that Magnuson be credited. Moreover, by allowing use of the Subject Photograph on Sir Richard Branson's blog, Magnuson also allowed use on at least the virgin.com website, a location of Sir Richard Branson's blog that has not changed since the license was granted.

        9. Magnuson provided the Subject Photograph to a representative for Branson via email, who then apparently provided the same to Branson.

RESPONSE: Admitted that Magnuson provided the Subject Photograph to Ms. Holly Peppe via email, but denied that Ms. Peppe sent the photo to Sir Richard Branson or was an agent or official representative of Sir Richard Branson. Rather, Ms. Peppe sent the photo to an employee of the Virgin Group for posting on Sir Richard's online blog at virgin.com. *See* Peppe Decl. ¶¶ 5–8 and Exhibit 2 to Peppe Decl.

        10. Correspondence with Branson's representative confirms that the photograph was to be used only on "Richard's Blog" and on the condition that Magnuson be credited as the Subject Photograph's author.

RESPONSE: Denied. *See* Peppe Decl. ¶¶ 5–7 and Exhibits 1 and 2 to Peppe Decl. Magnuson asked Holly Peppe via phone to "add a credit line if possible" and did not require that she be credited. The email correspondence from Magnuson to Ms. Peppe transmitting the Subject Photograph included no limitation on how the Subject Photograph could be used or the number of times the Subject Photograph could be used and includes no requirement that Magnuson be credited.

        11. Magnuson updated her website in 2015 to mention Branson among her former clients.

RESPONSE: Admitted that Magnuson updated her website in 2015 to mention Branson among her former clients, but denied that Sir Richard Branson was a Magnuson client.

4

12. The Branson representative that contacted Magnuson through an intermediary at ICMEC was not an employee of Virgin.

RESPONSE: Denied as incomprehensible. Holly Peppe, a friend of Eve Branson (Sir Richard Branson's mother), communicated with Magnuson about the Subject Photograph and received the Subject Photograph from Magnuson. Ms. Peppe subsequently sent the Subject Photograph to Christine Choi, an employee of the Virgin Group at the time. *See* Peppe Decl. ¶¶ 2–8 and Exhibits 1 and 2 to Peppe Decl.; Declaration of Christine Choi ("Choi Decl.") ¶¶ 2, 6–8 and Exhibits 1 and 2 to Choi Decl.

13. Magnuson at no time had direct contact with Virgin regarding the Subject Photograph prior to this dispute.

RESPONSE: Admitted.

14. While Branson received a limited license, Virgin never received any license, either oral or written, relating to any use of the Subject Photograph.

RESPONSE: Defendant admits that Magnuson granted Sir Richard Branson a license but denies the remaining facts in this statement. Magnuson knew she was sending the Subject Photograph for use in connection with Sir Richard Branson's blog. *See* Peppe Decl. ¶ 6. Sir Richard Branson's blog has been hosted and displayed on the www.virgin.com website which has been operated by Defendant or an affiliate company of the Virgin Group since at least 2014. *See* Declaration of William Budd ("Budd Decl.") ¶ 8.

15. Seven years after the Event, and Branson's 2014 blog post, Virgin publicly displayed the Subject Photograph in new posts on its commercial website, www.virgin.com, and its Instagram account without credit to Magnuson or her permission or authorization ("Infringing Uses").

5

RESPONSE: Defendant admits that seven years after the Event, and Sir Richard Branson's 2014 blog post, Defendant publicly displayed the Subject Photograph in a 2021 blog post on Sir Richard Branson's blog on the www.virgin.com website as well as a companion Instagram post without credit to Magnuson, but denies any remaining allegations, in particular any references to "commercial" or "infringing uses." *See* Budd Decl. ¶¶ 9–12.

16. Virgin did not include Magnuson's required credit line in the Infringing Uses and instead included a credit line falsely attributing the photograph to "virgin.com."

RESPONSE: Denied. The use of a credit line to Magnuson was not required and there is no false attribution. Defendant admits that the 2014 blog post included attribution stating "Magnuson Photographic" and that the 2021 blog post attributes the photo to virgin.com. *See* Exhibits 2 and 3 to Budd Decl.

17. In 2022, Magnuson sent a cease-and-desist letter to Virgin, demanding that its infringing use of her photograph cease and seeking to find a resolution to this dispute.

RESPONSE: Admitted that in 2022, Magnuson sent a cease-and-desist letter to Virgin, but denying any infringing use.

18. Virgin disputed her claims and continued to exploit the Subject Photograph until at least July 17, 2024, a month after this lawsuit was filed.

RESPONSE: Admitted that Virgin disputed Magnuson's claims, but denied that Virgin continued to exploit the Subject Photograph.

Dated: April 25, 2025                                   Respectfully submitted,


                                                        By: /s/ *Katherine E. Sieve*

                                                        Joseph V. Norvell
                                                        (admitted *pro hac vice*)
                                                        James M. McCarthy
                                                        (admitted *pro hac vice*)
                                                        Katherine E. Sieve
                                                        (admitted *pro hac vice*)
                                                        courts@norvellip.com
                                                        NORVELL IP LLC
                                                        P.O. Box 2461
                                                        Chicago, Illinois 60690
                                                        Telephone: (888) 315-0732

                                                        *Attorneys for Defendant Virgin Red Limited*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 25th day of April 2025, using the Court's CM/ECF filing system which will send notice of electronic filing to all counsel of record.

By: /s/ *Katherine E. Sieve*
Katherine E. Sieve